UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEE GRANT II,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL PATRICK CHAMBERLAIN CARNS,<br><br>    Defendant. | Case No. 22-cv-02932-SVK<br><br>**ORDER ON (1) PLAINTIFF'S MOTION TO STRIKE WESTFALL ACT CERTIFICATION AND**<br>**(2) DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 9, 13 |

In this action, William Lee Grant II ("Plaintiff") alleges that Defendant Michael Carns ("Defendant"), who served as the Director of the Joint Staff from 1989 to 1991 and as the Chief of Staff of the United States Air Force from 1991 to 1994, and other government officials committed various Constitutional violations, statutory violations, and tortious acts against Plaintiff. *See generally* Dkt. 1-1 ("Complaint"); *see also* Dkt. 9 at 2 n.1. Plaintiff originally filed the action in Monterey County Superior Court on September 13, 2021. *Id.* On May 16, 2022, the Chief of the Civil Division of the United States Attorney for the Northern District of California, by delegation from the United States Attorney, certified pursuant to the Westfall Act, 28 U.S.C. § 2679(d), that Defendant Carns was acting within the scope and course of his employment with the Department of Defense at all times material to the alleged incident. Dkt. 2. Based on the Westfall Act certification, Defendant removed the action to this Court. Dkt. 1.

Now before the Court are (1) Plaintiff's motion to strike the Westfall Act certification and (2) Defendant's motion to dismiss. Dkt. 9, 13. All parties have consented to the jurisdiction of a magistrate judge. Dkts. 8, 20. This matter is suitable for determination without oral argument. Civil Local Rule 7-1(b). Based on review and analysis of the Parties' briefs, the relevant law, and the case file, the Court **DENIES** Plaintiff's motion to strike the Westfall Act certification and

**GRANTS** Defendant's motion to dismiss **WITHOUT LEAVE TO AMEND**.

**I.    BACKGROUND**

Plaintiff alleges, *inter alia*, that Defendant and other federal officials entered into an agreement in July 1990 to unlawfully detain him. Complaint ¶ 5. Plaintiff alleges that Defendant and other officials detained him in Illinois under threat of military force beginning in 1992 "to be the DoD's Witness to the 9/11 Terrorist Attacks" (*id.* ¶ 43), directed his health care providers to physically harm him (*id.* ¶ 59), "intimidated him to stab" someone (*id.* ¶ 60) and forced him to "act as a homosexual" for more than seven years (*id.* ¶ 70). Plaintiff alleges that Defendant and others violated his Constitutional rights (including his rights to be free of unlawful search and seizure and cruel and unusual punishment and his right to adequate counsel), violated several statutes (including 42 U.S.C. §§ 1983 and 1985) and committed various torts (including invasion of privacy, assault and battery). *See generally* Complaint. By his Complaint, Plaintiff seeks "$99,000,000,000,000.00." *See id.* ¶¶ 147, 151.

Following removal, Defendant moves to dismiss the amended complaint on the grounds that: (1) this Court lacks subject-matter jurisdiction to hear Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(1); and (2) the Complaint fails to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 9 ("Motion to Dismiss") at 1; *see also* Dkt. 19 ("Reply"). Plaintiff sought an extension of the deadline to file his opposition to the Motion to Dismiss when he encountered difficulties filing his opposition electronically. Dkt. 14.[1] Plaintiff thereafter filed his Opposition. Dkt. 15 ("Opposition"). The Court will consider Plaintiff's Opposition as if timely filed.

Plaintiff has also filed a motion to strike the Westfall Act certification. Dkt. 13 ("Motion to Strike").[2] Defendant addressed the Motion to Strike in the Reply on the Motion to Dismiss. Dkt. 19.

---

[1] A duplicate copy of the motion for extension appears on ECF as Dkt. 16.
[2] A duplicate copy of the Motion to Strike appears on ECF at Dkt. 18.

## II. DISCUSSION

### A. Westfall Act Certification

#### 1. Plaintiff's Motion to Strike Westfall Act Certification

"The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 240–41 (2007) (citing 28 U.S.C. § 2679). The statute "grants the Attorney General authority to certify that a federal employee named defendant in a tort action was acting within the scope of his or her employment at the time in question," and if the Attorney General makes such a certification, then "the United States must be substituted as the defendant." *Id.* (citing 28 U.S.C. § 2679(d)(1)). The United States Attorney's Office for the District where a civil tort action is brought "is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose." 28 C.F.R. § 15.4.

"Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of [his] employment at the time of the incident and is conclusive unless challenged." *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995). "Accordingly, the party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017) (alteration in original) (quoting *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993)). "The party challenging certification under the Westfall Act bears a heavy burden, for 'where the United States has assumed the benefits and burdens of defending its employee, [courts] will not disturb that decision unless presented with substantial evidence requiring [them] to do so.'" *Martinez v. City of W. Sacramento*, No. 216CV02566TLNEFB, 2019 WL 448282, at *5 (E.D. Cal. Feb. 5, 2019) (quoting *Clamor v. United States*, 240 F.3d 1215, 1219 (9th Cir. 2001)). To meet this heavy burden, the party challenging the Attorney General's course-and-scope certification must "allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope

3

of his employment." *Saleh*, 848 F.3d at 889 (citation omitted). When determining whether sufficient facts have been alleged to take a federal employee's conduct outside the scope of that federal actor's employment, courts apply the principles of respondeat superior of the state in which the allegedly tortious conduct occurred. *Id*. The Court is the proper trier of fact regarding scope of employment questions, *id*. at 892 n.11, and may rule based solely on the written record where all allegations against certification—taken as true—still fail to establish by a preponderance of the evidence that the federal employee acted outside the scope of employment, *id*. at 892.

Plaintiff's challenge to the Westfall Act certification addresses a number of defendants in the state court action who are not the subject of the Westfall Act certification, which pertains only to Defendant Carns. *See* Dkt. 2. Plaintiff's arguments that reference Defendant Carns include that:

- "It is not within the functions (scope of employment) of the Director of the Joint Staff to engage in human trafficking, false imprisonment/unlawful detainment, assault, malicious prosecution, and employment discrimination" (Motion to Strike ¶ 15);
- Defendant Carns and others "were not pursuing the business of their master/principal, but were on a 'frolic' after 1992" (*id.* ¶ 24);
- Defendant Carns and others "had no authorization to enter into an agreement with Illinois Governor James Edgar to unlawfully detain a citizen of the United States under the power and authority of the State of Illinois; and to unlawfully detain a citizen of the United States under the threat of military force (violence)" (*id.* ¶ 26);
- Defendant Carns and others "used a fraudulent misrepresentation to obtain the consent of President George H.W. Bush and Secretary of the DOD, Richard B. Cheney, by failing to disclose Mr. Grant is a human, and not a computer" (*id.* ¶ 27);
- Defendant Carns and others "obtained the consent of the superiors using fraud" (*id.* ¶ 29);
- "The state of Illinois," where Plaintiff claims he was detained for more than 25 years beginning in 1992 "allegedly to be the DOD's Witness to the 9/11 Terrorist

4

  Attacks," is "far from the authorized time and space limits of [Defendant] Carns acting as Director of Joint Staff" (*id.* ¶ 37); and

- Defendant Carns and others "engineered [Plaintiff's] life with the aspiration that [Plaintiff] would commit suicide"; "attempted to dehumanize [Plaintiff] by referring to [him] as 'The Program,' and failed to disclose the exact illegal nature of their conspiracy"; and attempted to assassinate Plaintiff (*id.* ¶¶ 26, 28, 42-43).

"While the district court has the discretion to hold an evidentiary hearing, it 'should not do so if the certification, the pleadings, the affidavits, and any supporting documentary evidence do not reveal an issue of material fact.'" *Kashin v. Kent*, 457 F.3d 1033, 1043 (9th Cir. 2006) (internal quotation marks and citations omitted). Plaintiff did not request an evidentiary hearing on his challenge to the Westfall Act certification and in any event, the Court finds in its discretion that an evidentiary hearing would be inappropriate at this time because the Westfall Act certification, Plaintiff's Motion to Strike, and the pleadings in this case "do not reveal an issue of material fact" as to whether Defendant Carns was acting within the scope of his employment in conjunction with the actions alleged by Plaintiff. *See Kashin*, 457 F.3d at 1043; *see also Saleh*, 848 F.3d at 889.

The Court's conclusion that an evidentiary hearing is not warranted is reinforced by the unique posture of this case. In the Motion to Dismiss, Defendant takes the position that Plaintiff is alleging "a fantastical government conspiracy" (Motion to Dismiss at 6) and, as discussed below, the Court concludes that it does not have subject matter jurisdiction over those claims. To determine whether Westfall Act immunity applies, the Court would have to decide whether the events alleged by Plaintiff took place and, in turn, whether Defendant Carns was acting in the course and scope of his employment at the time of those events. Plaintiff bears the burden disproving the Westfall Act certification by a preponderance of the evidence. *See Saleh*, 848 F.3d at 889. Under the circumstances of this case, Plaintiff cannot rely on the implausible allegations of his deficient Complaint to undermine the Westfall Act certification or to compel an evidentiary hearing on the issue.

Accordingly, the Court **DENIES** Plaintiff's Motion to Strike the Westfall Act certification.

5

### 2. Substitution of United States as Defendant

"The United States ... must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *Osborn*, 549 U.S. at 231 (emphasis in original). Here, as discussed above, the Court has not made a determination that Defendant Carns has engaged in conduct beyond the scope of his employment. Because the case was removed pursuant to the Westfall Act, the United States is substituted as the Defendant in the above captioned case in place of Michael Patrick Chamberlin Carns. *See* 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment ... any civil action or proceeding commenced ... in a United States district court shall be deemed an action against the United States ... and the United States shall be substituted as the party defendant"). The caption of this action shall be amended to reflect this change.

### B. Defendant's Motion to Dismiss

### 1. Legal Standard

#### a. Rule 12(b)(1)

A complaint may be dismissed pursuant to Federal Rule of Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A federal court lacks jurisdiction to consider claims that are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974). Thus, a claim "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (citations and internal quotation marks omitted); *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) ("[a] patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)"); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction").

///

### b. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, courts are limited to reviewing "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citation omitted). "The court accept[s] the plaintiff[']s allegations as true and construe[s] them in the light most favorable to [the] plaintiff[]." *Id.* (citation and internal quotation marks omitted). The court is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## 2. Discussion

Defendant moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Dkt. 9 at 1. Specifically, Defendant argues: (1) claims involving "fantastical government conspiracies" are not sufficient to invoke this Court's subject-matter jurisdiction; (2) Plaintiff failed to present an administrative tort claim before filing this action, as required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 and § 1442(a)(1); (3) Plaintiff's intentional tort claims are barred by the FTCA intentional tort exception; and (4) Plaintiff's other federal statutory claims lack merit. *Id*. at 5-9. Because the Court determines that it lacks subject-matter jurisdiction over Plaintiff's claims, it does not address Defendant's remaining arguments.

### a. This Court Lacks Subject-Matter Jurisdiction to Hear Plaintiff's Claims

Federal courts do not have subject-matter jurisdiction over claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely

7

devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974) (internal quotation marks omitted)); *Hagans*, 415 U.S. at 536-37 (noting that federal courts lack subject matter jurisdiction over claims that are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit"); *Franklin,* 745 F.2d at 1227 n. 6.

As discussed above, Plaintiff alleges a decades-long government conspiracy that involved detaining and manipulating him. *See generally* Complaint. Plaintiff's allegations are inherently implausible and are precisely the kind of claims that are subject to dismissal for lack of subject-matter jurisdiction. *See, e.g., Christiana v. United States*, No. SA CV 17–0089–DOC (JCGx), 2017 WL 6512220, at *2 (C.D. Cal. Mar. 29, 2017) (dismissing action where Court determined it lacked jurisdiction over claims that the United States was "electrically shocking parts of Plaintiff's body" and "burglarizing Plaintiff's home" as "inherently implausible and obviously without merit"); *Bivolarevic v. U.S. CIA*, Case No. 09-4620-SBA, 2010 WL 890147, at *1 (N.D. Cal. Mar. 8, 2010) (dismissing action where Court determined it lacked jurisdiction over claims that CIA subjected the plaintiff to "voice to skull technology" as a "mind control weapon"); *O'Brien v. United States Dep't of Justice*, 927 F. Supp. 382 (D. Ariz. 1995), aff'd, 76 F.3d 387 (9th Cir. 1996) (dismissing action for lack of jurisdiction because the allegations were "so bizarre and delusional that they [were] wholly insubstantial").

Accordingly, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims and therefore **GRANTS** Defendant's Motion to Dismiss. *See* Fed. R. Civ. P. 12(b)(1); *see also* Fed. R. Civ. P. 12(h)(3) (declaring that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

### b. Leave to Amend Would Be Futile

Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court acts within its discretion to deny leave to amend when amendment would be futile." *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (citation

8

1 omitted).

2 More detailed allegations regarding Defendant's inherently implausible conduct would not
3 remedy the issues discussed in Section II.B.2.a. *supra*. Accordingly, the Court finds that leave to
4 amend would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of
5 amendment can, by itself, justify the denial of a motion for leave to amend.").

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike the Westfall Act certification is **DENIED** and Defendants' motion to dismiss is **GRANTED** without leave to amend. The Clerk shall close the file.

**SO ORDERED.**

Dated: September 30, 2022

SUSAN VAN KEULEN
United States Magistrate Judge